BROWER et al. v. NEW YORK MAILING & ADVERTISING CO.

(Supreme Court, Appellate Term.   January 26, 1905.)

1. WORK AND LABOR—CONTRACT TO PAY—EVIDENCE.

In an action for work and labor in the erection of a printing press by a machinist sent to defendant's place of business by plaintiff, evidence *held* to show that defendant's contract to pay for the work was with the machinist directly, and that it did not contract to pay plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ogden Brower and another against the New York Mailing & Advertising Company.   From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Cantwell & Moore, for appellant.

Charles De Hart Brower, for respondents.

DAVIS, J.   The plaintiffs were general agents of the Kidder Press Company, and as such agents sold and delivered to the defendant the press in question, under a written agreement signed "Kidder Press Co. Gibbs Brower, General Agents."   This agreement contains the following clause:

"The seller to send erector to superintend erection of said machinery, purchaser paying for erector's time, hotel bills, and all traveling expenses."

It is claimed by the plaintiffs that this provision of the contract was waived by the defendant, and the defendant apparently admits this claim.   The plaintiffs also claim that after the waiver they themselves agreed with the defendant to do the erecting of the press, that they did the work and furnished the material, that the reasonable value thereof was $49.55, and that no part thereof has been paid.   On the other hand, the defendant claims that the plaintiffs merely introduced to them the person who did the work, that this man contracted directly with the defendant, that the man had been fully paid by the defendant, and that defendant was under no liability to pay the plaintiffs for the work and material referred to.

The court gave judgment for the plaintiffs for the full amount, with costs.   The name of the party who actually did the work of erecting the press and furnished the materials was Walter E. Hindle, doing business as a practical machinist at 9 and 11 Franklin street, New York.   He sent his workmen and superintendent to defendant's place of business, where the work was done.   While these men were there, they also did other work for the defendant, for which defendant paid Hindle.   The defendant admits that Hin-

dle was sent to him by the plaintiffs, but it claims that the plaintiffs had no further or other relation to the work.

The oral testimony of the plaintiffs' witnesses supported the plaintiffs' claim, but this oral testimony was contradicted not only by the defendant's witnesses, but also by the written word of the plaintiffs themselves. On February 26, 1904, writing to the defendant, they say:

"Messrs. W. E. Hindle & Co. telephoned us to-day that you refused to pay their bill for setting up the Kidder Press. We told them that we had nothing whatever to do with the matter further than that we had allowed you $22.50 towards the expense of erecting this machine."

On April 13, 1904, plaintiffs wrote to defendant that:

"Walter E. Hindle, who set up your Kidder Press, advises us that you refuse to pay his bill of $49.55 for the work. You will recollect that we allowed you twenty odd dollars on account of the expenses of setting up this machine, and we cannot understand why you now decline to pay the bill. Mr. Hindle looks to us for payment, as he claims that he received his orders from us. It is true that we sent him to you, but we only did it as a matter of accommodation, and because it would cost you less than if we had sent to the factory for a machinist."

The plaintiffs offered no explanation of these letters, and they clearly contradict the plaintiffs' testimony. Under the circumstances, we think the decision of the court below was against the evidence, and that the judgment rendered should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.